Argued July 8, decided July 15, 1913.

## ROMINGER *v.* NEIL.

(133 Pac. 1198.)

**Evidence—Sufficiency to Establish Real Contract.**

Evidence examined and *held* sufficient to sustain defendant's contention as to the real contract entered into between the parties, and to establish plaintiff's failure to give satisfaction.

From Linn: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

This is a suit by B. L. Rominger against J. C. Neil to enforce an alleged specific contract, the substance

of which is alleged to be that the defendant agreed with plaintiff that plaintiff should work for him on defendant's farm for one year at the wages of $40 a month; that plaintiff should have the possession of a dwelling-house situated on the premises, and the use of all the land he wished for garden purposes, one milch cow for the use of himself and family, wood, and incubators enough to produce 1,000 chickens. Plaintiff alleges that, at great expense to himself, he moved on the place and performed everything that was required of him, and that defendant, without any reason therefor, commenced an action of forcible entry and detainer in the justice's court, and, after pleading duly filed and a trial had, obtained judgment in his favor, directing a restitution of the house to defendant. This suit is brought to enjoin the defendant from enforcing such judgment and to compel specific performance of the alleged contract.

Defendant answered, alleging that he hired plaintiff to work on his farm at a monthly wage of $40, to continue so long as plaintiff's services should be satisfactory, but denying that such hiring was by the year; that he agreed that plaintiff should occupy the dwelling-house on the place during his employment, and have the use of one of defendant's cows during said time, what garden truck he could use out of defendant's garden, such firewood as he should cut, and one-half of such chickens as he might raise on the premises during said time; that plaintiff moved into the dwelling-house on said premises and began work on September 4, 1911, and continued to work until February 4, 1912, when, by reason of his habits of idleness and intoxication, resulting in neglect of his work, plaintiff discharged him; and that, when discharged, he refused to quit the premises. Whereupon defendant began and prosecuted to judgment the forcible entry and detainer proceeding set up in the complaint. The

judgment-roll in that action is made an exhibit to the answer.   The Circuit Court found in favor of defendant, and plaintiff appeals.                AFFIRMED.

For appellant there was a brief over the names of *Messrs. Weatherford & Weatherford* and *Mr. B. S. Martin,* with an oral argument by *Mr. Martin.*

For respondent there was a brief over the names of *Messrs. Hewitt & Sox* and *Mr. Amor A. Tussing,* with an oral argument by *Mr. C. E. Sox.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

The plaintiff in the action against him in the justice's court interposed the same defense that he has here, and was defeated.   He then brought this suit in the Circuit Court, which, after seeing the witnesses and hearing their testimony, again found against him.   After a careful perusal of the testimony and a comparison of plaintiff's own testimony with the reckless statements made in his complaint, we are disposed to credit defendant's statements as to the real contract between the parties and as to plaintiff's failure to give satisfaction.   Taking this view of the facts, plaintiff has no case, either in law or in equity, and the decree of the Circuit Court is affirmed.            AFFIRMED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.